# Third District Court of Appeal

## State of Florida

Opinion filed December 17, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D25-2339
Lower Tribunal Nos. 14-CF-61-A-M, 14-CF-149-A-M
& 14-CF-158-A-M

————————————

**Horkene Terrell Cade,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Mandamus.

Horkene Terrell Cade, in proper person.

James Uthmeier, Attorney General, for respondent.

Before SCALES, C.J., and LINDSEY and GOODEN, JJ.

PER CURIAM.

Horkene Terrell Cade petitions this Court for a writ of mandamus. He requests that we compel the trial court to enter a written order on his motion to correct illegal sentence so that he may file an appeal.

But the trial court entered a written order denying the motion in July 2025. Since the trial court did so, there is no action for us to compel. See State v. McRae, 38 So. 605, 606 (Fla. 1905) ("[T]he writ will never be granted in cases when, if issued, it would prove unavailing, or when compliance with it would be nugatory in its effects, or would be without beneficial results and fruitless to the relator."); State ex rel. Knott v. Haskell, 72 So. 651, 659 (Fla. 1916) ("The writ of mandamus is granted by the courts to enforce the performance of a ministerial duty imposed by law where such duty has not been performed as the law requires."); State ex rel. Buckwalter v. City of Lakeland, 150 So. 508, 511 (Fla. 1933) ("A writ of mandamus is a common-law writ used to coerce the performance of any and all official duties where the official charged by law with the performance of such duty refused or failed to perform the same . . . ."). For that reason, the petition is denied.

Petition denied.